IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,309-01






EX PARTE EDGAR ORTIZ MARQUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-37,115 IN THE 161ST DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to nine months' imprisonment. He did not appeal his conviction.

 Applicant contends that trial counsel failed to advise him of the deportation consequences
of his guilty plea. Padilla v. Kentucky, 559 U.S. ___ (2010). The trial court made findings of fact
and conclusions of law and recommended that we set aside Applicant's conviction. We believe that
the record should be further developed. Accordingly, the trial court shall order trial counsel to
respond to Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 After reviewing counsel's response, the trial court shall make further findings of fact and
conclusions of law as to whether the performance of trial counsel was deficient and, if so, whether 
his deficient performance prejudiced Applicant. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 19, 2012

Do not publish